Argued November 13, 1917, modified January 8, rehearing denied March 19, 1918.

## STATE OF OREGON *v.* HYDE.

(169 Pac. 778.)

**Public Lands—Cancellation of Deeds—Parties.**

1. Where school lands had been conveyed by deeds regular in form to the United States and accepted by the General Land Office and selections of lieu lands based on such relinquishments had been approved, title had vested in the United States, and the state could not sue to cancel its deeds in the absence of the United States as a party; but it was not a necessary party where deeds had never been accepted by anyone authorized to speak for the United States and the selection of lieu lands had not been approved.

**Public Lands—Cancellation of Deeds—Evidence.**

2. In a suit to cancel deeds to school lands, evidence *held* to show that an application to purchase made in the name of a person who could not be located and purporting to be sworn to before a notary public who had secured other applications for the grantee was fraudulent.

**Public Lands—Cancellation of Deeds—Evidence.**

3. That applications to purchase school lands were sworn to before a notary public who had procured other applications for a party to a conspiracy to obtain such lands on fraudulent applications, and that the rights of the applicants were assigned four days later, did not meet the requirements as to the character of proof to sustain a charge of fraud, though they were suspicious circumstances.

From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.

This is a suit brought to cancel state deeds to 3,240 acres of land situate in the Cascade National Forest Reserve and in Clackamas County. The complaint on which the case was tried is substantially identical with that filed in Crook County in a similar cause this day. decided.

It does not appear that plaintiff's pleading was attacked by demurrer, but the defendants Hyde and Western Lumber Company filed answers to the same purport as those filed in Crook County. These answers denied plaintiff's allegations of fraud in securing applications to purchase the state lands and alleged affirmatively that the United States was an indispensable party defendant.

The replies traversed the affirmative allegations of the answers.

The Circuit Court found for the defendants on the ground that plaintiff was chargeable with laches and that the fraudulent applications had been confirmed by the act of the Oregon legislature approved February 27, 1901; the court also found that as to a part of the land involved in the suit the United States was an indispensable party defendant. For these reasons the decree was one of dismissal and plaintiff appeals.

MODIFIED.

For appellant there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. John O. Bailey,* Assistant Attorney General.

For respondent, F. A. Hyde, there was a brief and an oral argument by *Mr. A. C. Shaw.*

For respondent, Western Lumber Company, a corporation, there was a brief with oral arguments by *Mr. W. M. Bickford* and *Mr. E. E. Hershey.*

McCAMANT, J.—1. As to 1,120 acres of the land involved in this suit, listed as Supplemennt A to this opinion, the evidence shows that the property has been conveyed by deeds regular in form to the United States; that the deeds have been accepted by the General Land Office and selections of lieu land based on these relinquishments have been approved. We are of the opinion that title to these lands has vested in the United States and that plaintiff's claims thereto cannot be litigated in a suit to which the United States is not a party.

As to 2,080 acres of the land involved, listed in Supplement B to this opinion, the evidence fails to show that deeds to the United States for these lands have ever been accepted by anyone authorized to speak for the grantee or that selections of lieu land based on these relinquishments have been approved by the General Land Office. The evidence fails to show that the forty-acre tract listed as Supplement C to this opinion has ever been offered to the United States. For the reasons stated in our opinion in the Crook County case we are free to determine the rights of the parties to the lands tabulated in Supplements B and C.

These properties are covered by the applications of J. F. Smith, C. Northcutt, W. D. Cline, Harvie Meacham, M. O. Baker, Charles Johnson, E. E. Morgan and W. C. Rice. The circumstances under which Smith signed his application are proved by two witnesses. The parties have stipulated with reference to the testimony of C. Northcutt. Cline and

Miss Meacham, now Mrs. Murton, testified in this cause. The evidence satisfies us that these applications were all made without intent to purchase state lands for the benefit of the applicants; they were secured in every case by the promise of a small sum of money which was not in every case paid; if the affidavits called for by the statute were made at all, they were false.

2. The M. O. Baker application purports to be sworn to before Clarence H. Jones, a notary public doing business in Portland. The venue is omitted. Baker's name does not appear in the directories of the City of Portland for 1898 or 1899. It satisfactorily appears that other applications were made in the names of fictitious persons or that the names of real persons were forged thereto. Mr. J. O. Bailey, Assistant to the Attorney General, testifies to the most diligent search to locate these several applicants and Baker was one of those whom he could not find. It appears that Clarence H. Jones, before whom the Baker application purports to be sworn, secured several applications for the use of Hyde. If Schneider had presented to Jones applications signed in fictitious names, the testimony justifies the assumption that Jones would have accommodated Schneider by affixing his jurat. The absence of the venue suggests an attempt to mystify any investigator of the transaction. The assignment of the Baker application to A. S. Baldwin purports to be acknowledged before Jones and witnessed by him. We think that plaintiff has made out a *prima facie* case as to this application, and in the absence of any testimony on the subject on behalf of the defendants, the application should be held to be fraudulent.

3. As to the applications of Charles Johnson, E. E. Morgan and W. C. Rice, plaintiff's case rests wholly on the fact that these applications are sworn to before Clarence H. Jones, August 22, 1898, and that the rights of the applicants were assigned four days later to A. S. Baldwin. These are suspicious circumstances, but they do not answer the requirements of our precedents as to the character of proof which will sustain a charge of fraud. See the authorities cited in the opinion in the Hood River County case.

The other questions presented by this record are discussed and determined in the opinion in the Crook County case.

It follows that the decree of the lower court should be affirmed as to the lands involved in the Johnson, Morgan and Rice applications; section 16 and the east half of section 36 in township 6 south, range 6 east of the Willamette Meridian. As to the remainder of the lands in dispute, the decree of the lower court should be reversed. As to the properties described in Supplement A, the suit should be dismissed without prejudice; the properties listed in Supplements B and C, other than those covered by the Johnson, Morgan and Rice applications, should be restored to plaintiff and the state deeds therefor should be canceled.

Plaintiff should have judgment for costs against the defendant Hyde in both courts. No costs should be recovered against plaintiff.

MODIFIED.   REHEARING DENIED.

## SUPPLEMENT A.

### LANDS OFFERED AND ACCEPTED AS BASE FOR LIEU SELECTIONS.

SW. ¼ of Sec. 16, t. 5 s. r. 5 e................... 160
Section 36, t. 5, s. r. 5 e......................... 640
N. ½ of Sec. 36, t. 3. s. r. 7 e................... 320

                                                  ————
                                                  1,120

## SUPPLEMENT B.

### LANDS OFFERED BUT NOT ACCEPTED AS BASE FOR LIEU SELECTIONS.

S. ½ of Sec. 36, t. 3. s. r. 7 e................... 320
SW. ¼ of SW. ¼ of Sec. 36, t. 3 s. r. 8½ e....... 40
Section 16, t. 6 s. r. 6 e......................... 640
SE. ¼ and NE. ¼, N. ½ of NW¼ and SW. ¼ of
    NW. ¼ of Sec. 16, t. 5 s. r. 5 e.............. 440
Section 36, t. 6 s. r. 6 e......................... 640

                                                  ————
                                                  2,080

## SUPPLEMENT C.

### LAND NEVER OFFERED AS BASE FOR LIEU SELECTION.

SE. ¼ of NW. ¼ of Sec. 16, t. 5 s. r. 5 e......... 40